1
2

James D. Weakley, Esq.      Bar No.  082853
Leslie M. Dillahunty, Esq.    Bar No. 195262

3
4
5
6

WEAKLEY & ARENDT
A Professional Corporation
5200 N. Palm Avenue, Suite 211
Fresno, California 93704
Telephone:  (559) 221-5256
Facsimile:   (559) 221-5262
Jim@walaw-fresno.com
Leslie@walaw-fresno.com

7
8

Attorneys for Defendant County of Fresno, sued herein as County of Fresno and Fresno County
Sheriff's Office

9

**IN THE UNITED STATES DISTRICT COURT**

10

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

11

12
13
14

VERONICA ORDAZ GONZALEZ;
JOSE RAMOS SANTIAGO; OMAR
PEREZ and ROBERTO PEREZ,

Plaintiffs,

15

16

vs.

17
18

COUNTY OF FRESNO; FRESNO
COUNTY SHERIFF'S OFFICE; OFFICER
DOE 1; and DOES 2 to 25, inclusive,

19

Defendants.

20
21
22
23

) CASE NO.
)
) [Fresno Sup. Ct Case No. 18CECG03672]
)
)
)
) **DECLARATION OF JAMES D.**
) **WEAKLEY IN SUPPORT OF NOTICE OF**
) **REMOVAL OF ACTION**
) **[28 U.S.C.§ 1441(b)]**
)
)
)
)
)
)
) Complaint Filed: October 3, 2018
) Trial Date: TBD
)
)
) **Public Entity Exempt from Filing Fees**
) **Pursuant to Government Code section 6103**
)

24

I , James D. Weakley, declare as follows:

25

26

27

28

1.      I am an attorney at law, duly licensed to practice before the courts in the State of

California and the United States District Court for the Eastern District of California. I am an attorney

with the law firm of Weakley & Arendt, a Professional Corporation, the attorneys of record for

Defendant County of Fresno, sued herein as County of Fresno and Fresno County Sheriff's Office ("Defendant").

2.      I am one of the attorneys primarily responsible for handling the defense of this litigation on behalf of my clients. As such, I am thoroughly familiar with the legal issues in this matter and, if called upon as a witness, could and would competently testify to each of the matters set forth herein.

3.      I am informed and believe that Plaintiffs filed their claim for damages ("Complaint") in the Fresno County Superior Court on October 3, 2018. Attached hereto as **Exhibit "A"** is a true and correct copy of the Summons and Complaint. I am informed and believe that Defendant was served with a copy of Plaintiffs' Complaint on October 11, 2018. On November 7, 2018, I caused an Answer to be filed in the Fresno County Superior Court, which was within the time frame by which to file an answer. Attached hereto as **Exhibit B** is a true and correct copy of the Answer filed on behalf of my client.

4.      All Parties are represented by the same counsel and consent to removal of this action to United States District Court, Eastern District of California, County of Fresno.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief and that this declaration was executed in Fresno, California on November 10, 2018.


                                    /s/ James D. Weakley
                                    James D. Weakley

Declaration of James D. Weakley in Support of
Notice of Removal of Action                        2

# EXHIBIT A

AMENDED **SUMMONS**
*(CITACION JUDICIAL)*

COUNTY OF FRESNO
CLERK, BOARD OF SUPER...

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

SUM-100

**NOTICE TO DEFENDANT:** COUNTY OF FRESNO; FRESNO COUNTY
*(AVISO AL DEMANDADO):* SHERIFF'S OFFICE; OFFICER DOE 1; and
DOES 2 to 25, inclusive

By: Lisa Croll
1:34 pm

E-FILED
10/10/18
FRESNO COUNTY SUPERIOR COURT
By: J.Nelson, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:** VERONICA ORDAZ
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* GONZALEZ; JOSE RAMOS
SANTIAGO; OMAR PEREZ; and ROBERTO PEREZ

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* FRESNO COUNTY SUPERIOR COURT 1130 O Street same Fresno, CA 93721 | CASE NUMBER: *(Número del Caso):* 18CECG03672 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Warren R. Paboojian, No. 128462                         (559) 431-5366
Nolan C. Kane, No. 287918
BARADAT & PABOOJIAN, INC.
Fresno, CA 93711

DATE: 10/10/2018                    Clerk, by  J. Nelson                    , Deputy
*(Fecha)*                          *(Secretario)*                          *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

HUMAN RESOURCES
RISK MANAGEMENT
OCT 16 2018
RECEIVED

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465

1  Warren R. Paboojian, No. 128462
   wrp@bplaw-inc.com
2  Nolan C. Kane, No. 287918
   nck@bplaw-inc.com
3  BARADAT & PABOOJIAN, INC.
   720 West Alluvial Avenue
4  Fresno, California 93711
   Telephone: (559) 431-5366
5  Facsimile: (559) 431-1702

6  Attorneys for Plaintiffs
   VERONICA ORDAZ GONZALEZ;
7  JOSE RAMOS SANTIAGO; OMAR PEREZ; and
   ROBERTO PEREZ

8

E-FILED
10/3/2018 10:46 AM
FRESNO COUNTY SUPERIOR COURT
By: J Nelson, Deputy

9
                    SUPERIOR COURT OF CALIFORNIA
10
                         COUNTY OF FRESNO
11

12  VERONICA ORDAZ GONZALEZ;          )   Case No.  18CECG03672
    JOSE RAMOS SANTIAGO; OMAR PEREZ;  )
    and ROBERTO PEREZ,                )   CLAIM FOR DAMAGES
13                                     )
               Plaintiff,             )   1.   42 U.S.C. section 1983 - Use of
14                                     )        Excessive Force in Violation of the
          vs.                          )        Fourth Amendment
15                                     )   2.   42 U.S.C. section 1983 - Use of
    COUNTY OF FRESNO; FRESNO COUNTY    )        Excessive Force in Violation of the
16  SHERIFF'S OFFICE; OFFICER DOE 1; and )       Fourteenth Amendment
    DOES 2 to 25, inclusive,          )   3.   Municipal Liability for
17                                     )        Unconstitutional Custom, Practice or
               Defendants.            )        Policy, Failure to Train and
18  _____ )        Supervisory Liability (Monell)
                                          4.   Battery
19                                        5.   Negligence
                                          6.   Intentional Infliction of Emotional
20                                             Distress
                                          7.   Negligent Infliction of Emotional
21                                             Distress
                                          8.   California Code of Civil Procedure
22                                             section 52.1 - Bane Act Violation
                                          9.   Trespass to Chattels
23                                        10.  Conversion
                                          11.  False Imprisonment
24

25      Plaintiffs, VERONICA ORDAZ GONZALEZ; JOSE RAMOS SANTIAGO;  OMAR PEREZ;

26  and ROBERTO PEREZ, allege as follows:

27  ///

28  ///

HUMAN RESOURCES
RISK MANAGEMENT

OCT 16 2018

RECEIVED

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1.      Plaintiff, VERONICA ORDAZ GONZALEZ, is a competent adult.  She files this civil action as a result of a June 3, 2018 incident involving the Fresno County Sheriff's Office in Fresno, California.  Ms. Gonzalez is the owner and loving companion of Scooby, her dog.  She is the sister of Omar Perez and the daughter of Roberto Perez.

2.      Plaintiff, JOSE RAMOS SANTIAGO, is a competent adult. He files this civil action as a result of a June 3, 2018 incident involving the Fresno County Sheriff's Office in Fresno, California. Mr. Santiago is the owner and loving companion of Scooby, his dog.

3.      Plaintiff, OMAR PEREZ, is a competent adult.  He files this civil action as a result of a June 3, 2018 incident involving the Fresno County Sheriff's Office in Fresno, California.  He is the brother of Veronica Ordaz Gonzalez and the son of Roberto Perez.

4.      Plaintiff, ROBERTO PEREZ, is a competent adult.  He files this civil action as a result of a June 3, 2018 incident involving the Fresno County Sheriff's Office in Fresno, California.  He is the father of Veronica Ordaz Gonzalez and Omar Perez.

5.      Defendant, COUNTY OF FRESNO, is a local public agency within the meaning of Government Code section 6252(d) and the Fresno County Sheriff's Office is a department within the County of Fresno, both operating within the County of Fresno.

6.      Defendants, OFFICER DOE 1, whose name is unknown because the Fresno County Sheriff's Office will not provide it, Does 2-25, inclusive, and each of them, were, at all relevant times, Fresno County Sheriff Deputies acting under color of law and color of authority and within the course and scope of their employment with the COUNTY OF FRESNO.  OFFICER DOE 1, DOES 2-25, inclusive, and each them, are sued individually, as well as in their capacity as Fresno County Sheriff Deputies.

7.      The true names and capacities, whether individual, corporate, employed, agent, associate, or otherwise, of the Defendants names herein as OFFICER DOE 1, DOES 2-25, inclusive, are unknown to PLAINTIFFS who therefore sue said Defendants by such fictitious names.

/ / /

1 | PLAINTIFFS will amend this Complaint to show their true names and capacities when the same has been
2 | ascertained.

3 |      8.    PLAINTIFFS are informed and believe and, upon such information and belief, allege that
4 | each of the Defendants designated herein as "DOE" is legally responsible in some manner for the events
5 | and happenings referred to, and proximally caused the damages to PLAINTIFFS herein alleged.

6 |      9.    PLAINTIFFS are informed and believe and, upon such information and belief, allege that
7 | Defendants, and each of them, are and/or were the agents and/or employees of each of the remaining
8 | Defendants and were acting within the course and scope of such employment and/or agency in
9 | performance of the acts herein alleged.  Each and every Defendant named herein is jointly and severally
10 | responsible and liable to PLAINTIFFS for damages alleged herein.

11 |      10.    On or about June 3, 2018, employees of the County of Fresno arrived at the home of
12 | Plaintiffs, Veronica Ordaz Gonzalez and Jose Ramos Santiago, located at 144 S. Lind Avenue in Fresno,
13 | California.  Plaintiffs, Omar Perez and Roberto Perez, were also at 144 S. Lind Avenue in Fresno as
14 | guests of Veronica Ordaz Gonzalez and Jose Ramos Santiago.

15 |      11.    Fresno County Sheriff Deputies ordered PLAINTIFFS, VERONICA ORDAZ
16 | GONZALEZ, OMAR PEREZ and ROBERTO PEREZ, out of the residence at gunpoint and were
17 | threatened to be shot. PLAINTIFFS were searched, handcuffed and detained. Plaintiffs', Veronica Ordaz
18 | Gonzalez and Jose Ramos Santiago, dog, Scooby, was also detained and tied up by Fresno County Sheriff
19 | Deputies.

20 |      12.    PLAINTIFFS, VERONICA ORDAZ GONZALEZ, OMAR PEREZ and ROBERTO
21 | PEREZ, were forced from their residence and detained for over two hours without a warrant.

22 |      13.    While PLAINTIFFS were detained, Fresno County Sheriff Deputies searched the residence
23 | without a warrant.

24 |      14.    During the search of the residence, Scooby got loose and went to the backyard of his
25 | residence.  Scooby was never a threat or danger to anyone, including DEFENDANTS.  While in the
26 | backyard, Scooby was shot and killed by Defendants, OFFICER DOE 1, DOES 2-25, inclusive, and each
27 | of them.

28 | / / /

15.    Defendants' actions and conduct on or about June 3, 2018, evidence the COUNTY OF FRESNO'S failure to train its officers to prevent a violation of the County's citizens' individual rights, including that of PLAINTIFFS.  Defendants detained, handcuffed, yelled orders at and drew their weapons on PLAINTIFFS.  At all times PLAINTIFFS complied with Defendants.

16.    PLAINTIFFS, VERONICA ORDAZ GONZALEZ, OMAR PEREZ and ROBERTO PEREZ were forcefully man-handled, tightly handcuffed and detained at gunpoint.   Thereafter, PLAINTIFFS were handcuffed and detained for over two hours while Defendants entered, inspected and searched PLAINTIFFS' residence.

17.    PLAINTIFFS, VERONICA ORDAZ GONZALEZ, OMAR PEREZ and ROBERTO PEREZ at all times complied with commands and did not attempt to flee.  PLAINTIFFS and Scooby did not pose a threat to officers and never disobeyed officers' commands.

18.    PLAINTIFFS, VERONICA ORDAZ GONZALEZ, OMAR PEREZ and ROBERTO PEREZ at all times complied with commands and did not attempt to flee.  PLAINTIFFS did not pose a threat to officers.  PLAINTIFFS did not possess any guns or weapons.

19.    The COUNTY OF FRESNO and its Sheriff's Office has a long history of examples of its pattern and practice in the use of excessive force in handling issues with its citizens.  There is a pattern and practice of officers not being properly disciplined for their actions involving use of excessive force.  As a result of this failure to address and discipline, the COUNTY OF FRESNO and its Sheriff's Office have fostered an environment and created a culture and belief that it is permissible to use excessive force against civilians and their property without fear of repercussion, accountability or disciplinary action by the FRESNO COUNTY SHERIFF'S OFFICE.

20.    The actions of DEFENDANTS, OFFICER DOE 1, and DOES 2-25 who were involved in this incident were taken contrary to written policies and practices of the County of Fresno and the Fresno County Sheriff's Office.  Those actions were consistent with the Fresno County Sheriff's Office's culture of deliberate indifference to the use of excessive force in encounters with civilians, when it is a grossly disproportionate response to a situation, and even when no reasonable basis exists for any use of force whatsoever, as in this case.

/ / /

21.     Despite DEFENDANTS' knowledge of these illegal policies and practices, the supervisory and policy-making employees of the County of Fresno and the Fresno County Sheriff's Office have maliciously and with deliberate indifference, taken no effective steps to terminate the policies and practices.  The Fresno County Sheriff's Office has not effectively disciplined or otherwise properly supervised the officers who engage in these policies and practices; has not effectively trained their officers with regard to the proper constitutional and statutory limits of the exercise of their authority; and has sanctioned the policies and practices through their deliberate or grossly negligent indifference to their detrimental effect on the constitutional rights of local residents.  Based upon information and belief, the COUNTY OF FRESNO's supervisory and policy making personnel have maliciously and with deliberate indifference taken no effective steps to terminate the policies and practices or change the Department's culture of its illegal policies and practices in dealing with its citizens including, but not limited to, PLAINTIFFS.  The COUNTY OF FRESNO routinely failed to effectively discipline and properly supervise the officers who engage in the policies, procedures and practices of the Sheriff's Office and have not effectively trained its officers with regard to the proper Constitutional and statutory limits of the exercise of its officers' authority.  Rather, the COUNTY OF FRESNO and the FRESNO COUNTY SHERIFF'S OFFICE have sanctioned the policies and practices through their deliberate and/or grossly negligent indifference to their detrimental effect on the Constitutional rights of the County of Fresno's citizens.

22.     Despite the COUNTY OF FRESNO and the FRESNO COUNTY SHERIFF'S OFFICE knowing of civil rights abuses by its employees/police officers, they failed to remedy or address these violations, knowingly and with deliberate indifference, and promulgated policies on the use of excessive force by officers that deliberately disregard the Constitutional rights of the citizens of the County of Fresno.  Based upon information and belief, the acts, omissions, practices, policies, failure to discipline, and long history of complete and utter support by the Fresno County Sheriff and the COUNTY OF FRESNO of its police officers involved in such situations and incidents of civil rights abuses, were ratification and approval by the COUNTY OF FRESNO and its employees and/or agents, which resulted in the PLAINTIFFS' injuries and damages.

/ / /

23.    As a direct and proximate result of Defendants', and each of them, and OFFICER DOE 1 and DOES 2-25's acts, conduct, practices, policies and procedures described herein, PLAINTIFFS have suffered physical injuries to their wrists, property damage, mental distress, severe emotional distress and pain and suffering.

24.    As a further direct and proximate result of Defendants', and each of them, and OFFICER DOE 1 and DOES 2-25's acts, PLAINTIFF has incurred attorney's fees and costs in prosecuting this case.

25.    PLAINTIFFS further allege that the conduct by Defendants, OFFICER DOE 1 and DOES 2-25 was willful, wanton, malicious, oppressive, in bad faith, and acted with deliberate indifference and reckless disregard for the rights of PLAINTIFFS, and intentionally violated State and Federal law.  As a result, PLAINTIFFS are entitled to an award of punitive damages.

26.    On or about July 24, 2018, PLAINTIFFS timely filed a claim for damages with the County of Fresno.  As of today's date, PLAINTIFFS have received no response and their claim was deemed rejected after forty-five days.  Therefore, PLAINTIFFS have complied with the claim filing prerequisites of the California Tort Claims Act, prior to the filing of this Complaint.

## FIRST CAUSE OF ACTION

### 42 U.S.C. SECTION 1983
### USE OF EXCESSIVE FORCE
### IN VIOLATION OF THE FOURTH AMENDMENT

27.    The allegations of paragraphs 1 through 26, are realleged and incorporated herein by reference.

28.    DEFENDANTS' conduct and actions violated PLAINTIFFS' rights including, but not limited to, PLAINTIFFS being held at gunpoint, threatened to be shot, forcefully man-handled, removed from their home and searched without a warrant, shot and killed their dog, and detained for over two hours when PLAINTIFFS were unarmed, posed no threat to officers and complied with all orders of law enforcement, all which violated their Fourth Amendment rights to be free from the use of excessive force.

29.    The violation of PLAINTIFFS' Constitutional rights occurred as a result of the deliberate, reckless, and malicious acts, omissions, conduct and practices, of the COUNTY OF FRESNO as a result of its approval, ratification, encouragement, absolution, and authorization of the excessive use of force

/ / /

1  by Fresno County Sheriff Deputies in the present case, and other cases and situations in the past, as well

2  as those actions and/or failures to act as described in Paragraphs 10-21, above.

3       30.    These violations are compensable pursuant to 42 U.S.C. Section 1983.  As a result of the

4  DEFENDANTS' conduct, PLAINTIFFS have suffered physical injuries to their wrists, property damage,

5  mental distress, severe emotional distress and pain and suffering, including, but not limited to, any and

6  all damages set forth below and according to proof at the time of trial.

7  **SECOND CAUSE OF ACTION**

8  **42 U.S.C. SECTION 1983**
**USE OF EXCESSIVE FORCE**

9  **IN VIOLATION OF THE FOURTEENTH AMENDMENT**

10       31.    The allegations of paragraphs 1 through 30, are realleged and incorporated herein by

11  reference.

12       32.    DEFENDANTS' conduct and actions violated PLAINTIFFS' rights including, but not

13  limited to, PLAINTIFFS being held at gunpoint, threatened to be shot, forcefully man-handled, removed

14  from their home and searched without a warrant, shot and killed their dog, and detained for over two

15  hours when PLAINTIFFS were unarmed, posed no threat to officers and complied with all orders of law

16  enforcement, all which violated their Fourteenth Amendment rights to be free from the use of excessive

17  force.

18       33.    The violation of PLAINTIFFS' Constitutional rights occurred as a result of the deliberate,

19  reckless, and malicious acts, omissions, conduct and practices, of the COUNTY OF FRESNO as a result

20  of its approval, ratification, encouragement, absolution, and authorization of the excessive use of force

21  by Fresno County Sheriff Deputies in the present case, and other cases and situations in the past, as well

22  as those actions and/or failures to act as described in Paragraphs 10-21, above.

23       34.    These violations are compensable pursuant to 42 U.S.C. Section 1983.  As a result of the

24  DEFENDANTS' conduct, PLAINTIFFS have suffered physical injuries to their wrists, property

25  damage, mental distress, severe emotional distress and pain and suffering, including, but not limited to,

26  any and all damages set forth below and according to proof at the time of trial.

27  / / /

28  / / /

### THIRD CAUSE OF ACTION

### MUNICIPAL LIABILITY FOR UNCONSTITUTIONAL CUSTOM, PRACTICE OR POLICY, FAILURE TO TRAIN AND SUPERVISORY LIABILITY (*MONELL*)

35.     The allegations of paragraphs 1 through 34, are realleged and incorporated herein by reference.

36.     As against DEFENDANTS, COUNTY OF FRESNO; FRESNO COUNTY SHERIFF'S OFFICE; OFFICER DOE 1 and DOES 2-25, PLAINTIFFS allege that the acts and/or omissions alleged in this Complaint are indicative of a repeated practice of conditioning and tacitly encouraging the abuse of authority and disregard for the Constitutional rights of citizens including, but not limited to, PLAINTIFFS.

37.     On or about June 3, 2018, DEFENDANTS, and each of them, deprived PLAINTIFFS of the rights and liberties secured by the Fourth and Fourteenth Amendments to the United States Constitution. In doing so, DEFENDANTS, COUNTY OF FRESNO; FRESNO COUNTY SHERIFF'S OFFICE; OFFICER DOE 1 and DOES 2-25, along with their supervising and managing employees, agents and representatives, acting with gross negligence, reckless disregard and deliberate indifference to the rights and liberties of the public in general, which included that of PLAINTIFFS, knowingly maintained, enforced, and applied an official recognized custom, policy and practice of inadequately supervising, training, controlling, assigning and disciplining Fresno County Sheriff Deputies and other personnel, including maintaining grossly inadequate procedures for reporting, supervising, investigating, revealing, disciplining and controlling the misconduct of its officers.

38.     The longstanding history of hurried public advocacy, perpetuating, sanctioning, ratifying, fostering, and tolerating outrageous police conduct and other acts, DEFENDANTS, and each of them, acted with intentional, reckless and callous disregard for the well being of PLAINTIFFS and their Constitutional rights. The actions of DEFENDANTS, and each of them, were willful, wanton, oppressive, malicious, fraudulent, extremely offensive, and unconscionable to any person of normal sensibilities.

/ / /

/ / /

39.     The policies, practices and customs implemented, maintained and tolerated by DEFENDANTS were affirmatively linked to, and were an influential force, that resulted in the damages to PLAINTIFFS.

40.     DEFENDANTS, and each of them, are liable to PLAINTIFFS for compensatory and exemplary damages for the wrongful seizure of PLAINTIFFS and their property under 42 U.S.C. Section 1983.

**FOURTH CAUSE OF ACTION**

**BATTERY**

41.     The allegations of paragraphs 1 through 40, are realleged and incorporated herein by reference.

42.     OFFICER DOE 1 and DOES 2-25 intentionally used excessive and unreasonable force against PLAINTIFFS, VERONICA ORDAZ GONZALEZ, OMAR PEREZ and ROBERTO PEREZ, including, but not limited to, forcefully man-handling them, tightly handcuffing them, detaining them for over two hours and forcefully removing them from the residence.  In doing so, OFFICER DOE 1 and DOES 2-25 acted with the intent to initiate contact with Plaintiffs' person.  OFFICER DOE 1 and DOES 2-25 had no legal justification for using excessive force against Plaintiffs, while carrying out their official duties.

43.     Defendants' conduct resulted in harmful and offensive contact with Plaintiffs, causing them to sustain injuries to their health, safety, person and property, which caused extreme mental, physical and emotional pain and suffering and property damage.

44.     COUNTY OF FRESNO and FRESNO COUNTY SHERIFF'S OFFICE are vicariously liable for the tortuous acts and omissions of OFFICER DOE 1 and DOES 2-25, thereby entitling PLAINTIFFS to an award of compensatory damages, including general and special damages, as well as exemplary and punitive damages.

**FIFTH CAUSE OF ACTION**

**NEGLIGENCE**

45.     The allegations of paragraphs 1 through 44, are realleged and incorporated herein by reference.

46.     OFFICER DOE 1 and DOES 2-25 owed Plaintiffs a duty to use care during the incident on or about June 3, 2018.  The officers negligently and recklessly breached their duty to use due care, which directly and proximately resulted in the injuries to Plaintiffs.  As an actual, direct and proximate result of Defendants' negligence which caused Plaintiffs' injuries and damages, Plaintiffs sustained injuries to their health, safety, person and property, which caused extreme mental, physical and emotional pain and suffering and property damage.

47.     COUNTY OF FRESNO and FRESNO COUNTY SHERIFF'S OFFICE are liable for the negligent acts of OFFICER DOE 1 and DOES 2-25, for failing to devote a reasonable and sufficient amount of time and service to training and supervising the individual law enforcement officers and Defendants.

48.     COUNTY OF FRESNO and FRESNO COUNTY SHERIFF'S OFFICE are vicariously liable for the negligent acts and omissions of OFFICER DOE 1 and DOES 2-25.

49.     DEFENDANTS were negligent and, as a result of their conduct, DEFENDANTS caused physical and severe emotional damages to PLAINTIFFS including, but not limited to, any and all damages pled below.

### SIXTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

50.     The allegations of paragraphs 1 through 49, are realleged and incorporated herein by reference.

51.     The conduct of OFFICER DOE 1 and DOES 2-25 resulted in the intentional infliction of emotional distress.  Defendants conduct and actions, including, but not limited to, Plaintiffs being held at gunpoint, threatened to be shot, forcefully man-handled, removed from their home, shot and killed their dog, and detained for over two hours when PLAINTIFFS were unarmed, posed no threat to officers and complied with all orders of law enforcement was egregious and outrageous.

52.     As a result of Defendants' actions, Plaintiffs suffered severe emotional distress.  Plaintiffs were reasonably required to and did incur medical and incidental expenses for treatment of their emotional distress and mental suffering, the exact amounts of which are unknown at this time.  Plaintiffs / / /

1  are informed and believe, and thereon allege, that they will be reasonably required to incur similar

2  expenses in the future.

3      53.    Defendants' actions were a substantial factor in causing Plaintiffs' severe emotional

4  distress.

5      54.    OFFICER DOE 1 and DOES 2-25 acted despicably and with the intent to cause injury to

6  Plaintiffs and their dog, or with a knowing, reckless, and conscious disregard of the rights and safety of

7  plaintiffs and their dog, and further acted willfully or with gross negligence to cause injury to Plaintiffs'

8  dog, in disregard of humanity.  Plaintiffs are thus entitled to an award of punitive damages.

9      55.    COUNTY OF FRESNO is vicariously liable for the intentional infliction of emotional

10  distress of PLAINTIFFS through the acts and omissions of OFFICER DOE 1 and DOES 2-25.

11  **SEVENTH CAUSE OF ACTION**

12  **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

13      56.    The allegations of paragraphs 1 through 55, are realleged and incorporated herein by

14  reference.

15      57.    Defendants were negligent, were in breach of the duty Defendants owed to Plaintiffs to

16  exercise reasonable care in which a reasonable, prudent person under like circumstances would not have

17  engaged.

18      58.    In carrying out the conduct as previously described, Defendants breached a duty owed to

19  Plaintiffs.

20      59.    As a legal cause of Defendants' actions, Plaintiffs suffered, and will continue to suffer,

21  pain and suffering, extreme mental anguish, and severe emotional distress of substantial quantity and

22  enduring quality that no reasonable person in a civilized society should be expected to endure in an

23  amount according to proof at trial.

24  **EIGHTH CAUSE OF ACTION**

25  **CALIFORNIA CIVIL CODE SECTION 52.1 - BANE ACT VIOLATION**

26      60.    The allegations of paragraphs 1 through 59, are realleged and incorporated herein by

27  reference.

28  / / /

1    61.    OFFICER DOE 1 and DOES 2-25, while working for the COUNTY OF FRESNO and

2 FRESNO COUNTY SHERIFF'S OFFICE, and acting within the course and scope of their duties,

3 interfered with, or attempted to interfere with, the rights of PLAINTIFFS to be free from unreasonable

4 searches and seizures, to equal protection under the law, to access to the courts, and to be free from State

5 actions that shock the conscience by threatening or committing acts involving violence, threats, coercion

6 or intimidation.

7    62.    As a result of the violence, threats, coercion and intimidation, DEFENDANTS violated

8 PLAINTIFFS' rights under the Fourth and Fourteenth Amendments, causing PLAINTIFF severe pain and

9 suffering, as detailed herein.  The conduct of OFFICER DOE 1 and DOES 2-25, was a substantial factor

10 in causing the injuries and damages sustained by PLAINTIFFS.

11                    **NINTH CAUSE OF ACTION**

12                    **TRESPASS TO CHATTELS**

13    63.    The allegations of paragraphs 1 through 62, are realleged and incorporated herein by

14 reference.

15    64.    At all times herein mentioned, PLAINTIFFS VERONICA ORDAZ GONZALEZ and

16 JOSE RAMOS SANTIAGO, were the owners and/or entitled to possession of their dog, Scooby.

17    65.    In doing the things herein alleged, OFFICER DOE 1 and DOES 2-25 willfully,

18 substantially, and intentionally interfered with PLAINTIFFS' ownership, use, or possession of their dog

19 by willfully and deliberately shooting their dog, which resulted in the dog's death.

20    66.    PLAINTIFFS did not consent to OFFICER DOE 1 and/or DOES 2-25's intentionally

21 interfering with their ownership, use, or possession of their dog.

22    67.    OFFICER DOE 1 and DOE 2-25's conduct was a substantial factor in causing

23 PLAINTIFFS' damages.

24    68.    OFFICER DOE 1 and DOES 2-25 acted despicably and with the intent to cause injury to

25 plaintiffs and their dog, or with a knowing and conscious disregard of the rights or safety of plaintiffs and

26 their dog, and further acted willfully or with gross negligence to cause injury and/or death to plaintiffs'

27 dog, in disregard of humanity. PLAINTIFFS are thus entitled to an award of punitive damages.

28 ///

## TENTH CAUSE OF ACTION

## CONVERSION

69.     The allegations of paragraphs 1 through 68, are realleged and incorporated herein by reference.

70.     In doing the acts herein alleged, OFFICER DOE 1 and DOES 2-25 willfully, substantially, and intentionally interfered with plaintiffs' valuable property by killing plaintiffs' dog.

71.     Plaintiffs did not consent to OFFICER DOE 1 and DOE 2-25's actions.

72.     OFFICER DOE 1 and DOE 2-25's conduct was a substantial factor in causing plaintiffs' damages.

73.     OFFICER DOE 1 and DOE 2-25 acted despicably and with the intent to cause injury to plaintiffs and their dog, or with a knowing and conscious disregard of the rights or safety of plaintiffs and their dog, and further acted willfully or with gross negligence to cause injury and/or death to plaintiffs' dog, in disregard of humanity.  Plaintiffs are thus entitled to an award of punitive damages.

## ELEVENTH CAUSE OF ACTION

## FALSE IMPRISONMENT

74.     The allegations of paragraphs 1 through 73, are realleged and incorporated herein by reference.

75.     Defendants, and each of them, intentionally deprived PLAINTIFFS, VERONICA ORDAZ GONZALEZ, OMAR PEREZ and ROBERTO PEREZ, of their freedom of movement by holding them at gunpoint, threatening them, not allowing them to leave for over two hours and handcuffing them.

76.     Defendants, and each of their words, actions, and confinement compelled Plaintiffs to remain handcuffed and confined for over two hours.

77.     Plaintiffs did not voluntarily consent to the confinement.

78.     Plaintiffs suffered actual harm as a result of the confinement.

79.     Defendants', and each of their conduct was a substantial factor in causing Plaintiffs' harm.

80.     Defendants' and each of their conduct in confining Plaintiffs was intentional, despicable, and done with a willful and knowing disregard of Plaintiffs' rights and safety.

///

BARADAT & PABOOJIAN
720 West Alluvial Avenue
Fresno, CA 93711

<u>PRAYER</u>

WHEREFORE, PLAINTIFFS prays that this Court enter judgment in their favor and against COUNTY OF FRESNO; FRESNO COUNTY SHERIFF'S OFFICE; OFFICER DOE 1 and DOES 2-25 inclusive, in their individual capacity, and any other identified DOE Defendants in their individual capacities, as follows:

1.   For general (non-economic) damages against all DEFENDANTS, jointly and severally, under Federal and State law, in an amount to be proven at trial;

2.   For special (economic) damages against all DEFENDANTS, jointly and severally, under Federal and State law, in an amount to be proven at trial;

3.   For punitive and exemplary damages, in an amount to be proven at trial as to DEFENDANTS OFFICER DOE 1 and DOES 2-25 only;

4.   For attorney's fees;

5.   For costs of suit; and

6.   For any and all further relief, including injunctive relief, as the Court deems just and proper.

Dated:   September 26, 2018                         BARADAT & PABOOJIAN, INC.

By: _____
                                    Warren R. Paboojian
                                    Nolan C. Kane
                                    Attorneys for Plaintiffs

BARADAT & PABOOJIAN
720 West Alluvial Avenue
Fresno, CA 93711

# EXHIBIT B

James D. Weakley, Esq.      Bar No.  082853
Leslie M. Dillahunty, Esq.   Bar No. 195262

WEAKLEY & ARENDT
A Professional Corporation
5200 N. Palm Avenue, Suite 211
Fresno, California 93704
Telephone: (559) 221-5256
Facsimile:  (559) 221-5262
Jim@walaw-fresno.com
Leslie@walaw-fresno.com

E-FILED
11/7/2018 3:57 PM
FRESNO COUNTY SUPERIOR COURT
By: J. Nelson, Deputy

Attorneys for Defendant, County of Fresno, sued herein as County of Fresno and Fresno County Sheriff's Department

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO

### UNLIMITED JURISDICTION

| | |
|---|---|
| VERONICA ORDAZ GONZALEZ, et al., | ) CASE NO. 18CECG03672 |
| Plaintiffs, | ) |
| | ) **ANSWER TO CLAIM FOR DAMAGES** |
| vs. | ) **(COMPLAINT)** |
| COUNTY OF FRESNO, et al., | ) Complaint Filed: October 3, 2018 |
| Defendants. | ) Trial Date: TBD |
| | ) **Public Entity Exempt from Filing Fees** |
| | ) **Pursuant to Government Code section 6103** |

COMES NOW Defendant, COUNTY OF FRESNO, sued herein as County of Fresno and Fresno County Sheriff's Department, and hereby responds to the Claim For Damages (Complaint) of Plaintiffs as follows:

### I

### GENERAL DENIAL

This answering Defendant denies generally each and every, all and singularly, conjunctively and disjunctively, the allegations contained in the Complaint on file herein, and the alleged causes of action therein contained, denying specifically that Plaintiffs have been damaged in any amount whatsoever by Defendant or any agents or employees for which this Defendant is liable.

## II

## AFFIRMATIVE DEFENSES

AS A FIRST AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiffs' Complaint fails to state facts sufficient to constitute a cause of action against Defendant, or any of Defendant's employees.

AS A SECOND AFFIRMATIVE DEFENSE, Defendant alleges that any and all employees of Defendant are entitled to qualified immunity.

AS A THIRD AFFIRMATIVE DEFENSE, Defendant alleges that all acts of Defendant and/or Defendant's employees which allegedly caused the injuries or damages complained of are the exercise of discretionary authority vested in them pursuant to California Government Code Section 820.2.

AS A FOURTH AFFIRMATIVE DEFENSE, Defendant alleges that Defendant cannot be liable for a theory of Respondeat Superior liability under 42 U.S.C. § 1983.

AS FIFTH AFFIRMATIVE DEFENSE, Defendant alleges that all actions of its employees were reasonable and justified pursuant to Penal Code Section 835 and 835(a).

AS A SIXTH AFFIRMATIVE DEFENSE, Defendant alleges that the acts employees of this Defendant were done in self defense over the defense of others.

AS A SEVENTH AFFIRMATIVE DEFENSE, Defendant alleges that the Plaintiffs were negligent in and about those matters claimed and that said negligence  contributed to the happening of the incident and to the injury and damages, if any, sustained by Plaintiffs.

AS AN EIGHTH AFFIRMATIVE DEFENSE, Defendant alleges that actions of others contributed to the incidents or events that are the subject of this lawsuit and that if any responsibility is found against this Defendant or it's employees with respect to noneconomic damages that those damages shall be limited to the percentage of fault attributed, if any, to this Defendant, and that a separate judgment be rendered so indicating.

AS A NINTH AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiffs voluntarily assume the risk of conduct of Defendant or Defendant's employees, approximately causing the damages or injuries, if any, to Plaintiffs.

AS A TENTH AFFIRMATIVE DEFENSE, Defendant alleges that Defendant is not liable for

injury resulting from an act or omission of an employee if that the employee is immune from liability under Government Code Section 815.2.

AS AN ELEVENTH AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiffs invited, gave permission to and consented to the acts of this Defendant's employees.

III

**PRAYER**

WHEREFORE, this answering Defendant prays:

1.    That Plaintiffs take nothing by way of their Complaint ;

2.    For costs of suit incurred herein, including reasonable attorney's fees; and

3.    For such other and further relief as the court may deem just and proper.

IV

**JURY TRIAL REQUESTED**

Defendants hereby demand a jury trial.


DATE: November 7, 2018                  WEAKLEY & ARENDT
                                        A Professional Corporation



                              By:   _____
                                    James D. Weakley
                                    Leslie M. Dillahunty,
                                    Attorneys for Defendants,
                                    COUNTY OF FRESNO and
                                    FRESNO COUNTY SHERIFF'S
                                    DEPARTMENT

---

Defendants' Answer to Claim for Damages (Complaint)          3

**PROOF OF SERVICE**

I, the undersigned, hereby certify that I am employed in the County of Fresno, State of California, over the age of eighteen years and not a party to the within action; my business address is 5200 N. Palm Avenue, Suite 211, Fresno, California 93704.

On the date set forth below, I placed in a sealed envelope and served a true copy of the within

**ANSWER TO CLAIM FOR DAMAGES (COMPLAINT)**

addressed as follows:

Nolan C. Kane
BARADAT & PABOOJIAN, INC
720 West Alluvial Avenue
Fresno, CA 93711
Phone: (559) 431-5366
Fax: (559) 431-1702
E-Mail: nck@bplaw-inc.com

Attorneys for Plaintiffs

☒     BY MAIL     I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited in the ordinary course of business.

I caused each envelope, with postage fully prepaid, to be placed in the United States mail, at Fresno, California.

☐     BY HAND     I hand delivered each envelope to the office listed above.

☐     BY FACSIMILE     I served the above-mentioned document from Facsimile Machine No.: (559) 221-5262 to the interested parties at the facsimile numbers listed above.

☐     BY FEDERAL EXPRESS I  am readily familiar with the business practice at my place of business for collection and processing of correspondence for overnight delivery with Federal Express. Such correspondence will be deposited with a facility regularly maintained by Federal Express for receipt on the same day in the ordinary course of business.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  I declare under penalty of perjury that the foregoing is true and correct, and that this proof of service was executed at Fresno, California, on November 7, 2018.

Prisma N. Valencia

## PROOF OF SERVICE

I, the undersigned, hereby certify that I am employed in the County of Fresno, State of California, over the age of eighteen years and not a party to the within action; my business address is 5200 N. Palm Avenue, Suite 211, Fresno, California 93704.

On the date set forth below, I placed in a sealed envelope and served a true copy of the within

## DECLARATION OF JAMES D. WEAKLEY IN SUPPORT OF
## NOTICE OF REMOVAL OF ACTION [28 U.S.C.§ 1441(b)]

addressed as follows:

Nolan C. Kane
BARADAT & PABOOJIAN, INC
720 West Alluvial Avenue
Fresno, CA 93711
Phone: (559) 431-5366
Fax: (559) 431-1702
E-Mail: nck@bplaw-inc.com

Attorneys for Plaintiffs

☒     BY MAIL     I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited in the ordinary course of business.

I caused each envelope, with postage fully prepaid, to be placed in the United States mail, at Fresno, California.

☐     BY HAND     I hand delivered each envelope to the office listed above.

☐     BY FACSIMILE     I served the above-mentioned document from Facsimile Machine No.: (559) 221-5262 to the interested parties at the facsimile numbers listed above.

☐     BY FEDERAL EXPRESS I am readily familiar with the business practice at my place of business for collection and processing of correspondence for overnight delivery with Federal Express. Such correspondence will be deposited with a facility regularly maintained by Federal Express for receipt on the same day in the ordinary course of business.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the foregoing is true and correct, and that this proof of service was executed at Fresno, California, on November 10, 2018.

*/s/ Prisma N. Valencia*
Prisma N. Valencia