1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA ORDAZ GONZALEZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF FRESNO, et al., <br><br> Defendants. | Case No. 1:18-cv-01558-BAM <br><br> **ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT TO ADD DOE DEFENDANTS** <br><br> (Doc. No. 17) |

Currently before the Court is Plaintiffs Veronica Ordaz Gonzalez, Jose Ramos Santiago, Omar Perez, and Roberto Perez' ("Plaintiff") Motion for Leave to Amend Complaint to Add Doe Defendants. (Doc. No. 17.) On February 4, 2020, Defendant County of Fresno ("Defendant") filed an opposition to the motion. (Doc. No. 32.) Plaintiffs replied on February 12, 2020. (Doc. No. 33.) The parties consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1) and, on April 14, 2020, this matter was reassigned to United States Magistrate Judge Barbara A. McAuliffe. (Doc. No. 45.)

On April 22, 2020, the Court found the matter suitable for decision without the need for oral argument pursuant to Local Rule 230(g) and took the motion under submission. (Doc. No. 46.) Having considered the motion, the opposition, and the reply, as well as the entire record in this case, Plaintiffs' motion is DENIED.

I.   **BACKGROUND**

This case was removed from the Superior Court of California for the County of Fresno on November 10, 2018. (Doc. No. 1.) Plaintiffs' complaint arises out of the death of Plaintiffs' dog during a search of Plaintiff Veronica Ordaz Gonzalez' home by sheriff deputies. (*See id.*)

1    In addition to setting forth claims against Defendant, the complaint names "Officer Doe 1" and

2    "Does 2-25, inclusive" as defendants. (*Id.*)

3          On February 12, 2019, the Court issued a Scheduling Order which, in relevant part, set

4    a deadline of April 12, 2019, for any stipulated amendments or motions to amend the pleadings.

5    (Doc. No. 9.)

6          On January 3, 2020, Plaintiffs filed the instant motion. (Doc. No. 17.) According to the

7    motion, Plaintiffs seek to amend the complaint in order to name Deputy Courtney Bush as

8    Officer Doe 1 and to name Deputy Jeffrey Morse, Deputy Santos, Sergeant Dunn, and Deputy

9    Isaac Cervantes as Does 2 through 5, respectively. (*Id.*)

10   ## II.   LEGAL STANDARD

11         The Scheduling Order issued in this action on February 12, 2019, required that any

12   motion to amend the pleadings be filed by April 12, 2019. (Doc. No. 13.) Plaintiffs filed their

13   motion on January 3, 2020, more than eight months after the expiration of the amendment

14   deadline set forth in the Scheduling Order. (*See* Doc. No. 17.) As Plaintiffs' request to amend

15   comes after expiration of the relevant Scheduling Order deadline, the Court construes the

16   motion as a motion to modify the Scheduling Order pursuant to Federal Rule of Civil

17   Procedure 16(b) rather than a motion for leave to amend pursuant to Rule 15(a).[1] *See Coleman*

18   *v. Quaker Oats Co*., 232 F.3d 1271, 1294–95 (9th Cir. 2000) (finding district court correctly

19   addressed motion for leave to amend under Rule 16 because it had issued a pretrial scheduling

20   order that established a timetable for amending the pleadings and the motion was filed after the

21   deadline had expired); *Jackson v. Laureate, Inc.,* 187 F.R.D. 605, 607 (E.D. Cal. June 16,

---

[1]      Under Fed. R. Civ. P. 15(a), a party may amend a pleading once as a matter of course within 21 days of
service, or if the pleading is one to which a response is required, 21 days after service of a motion under Rule
12(b), (e), or (f). "In all other cases, a party may amend its pleading only with the opposing party's written consent
or the court's leave." Fed. R. Civ. P. 15(a)(2). Granting or denying leave to amend a complaint is in the discretion
of the Court, *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be
"freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In exercising this discretion, a court must be
guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or
technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Consequently, the policy to grant leave
to amend is applied with extreme liberality. *Id.* After a defendant files an answer, leave to amend should not be
granted where "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates
undue delay." *Madeja v. Olympic Packers*, 310 F.3d 628, 636 (9th Cir. 2002) (citing *Yakama Indian Nation v.*
*Washington Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999)).

1999) ("[O]nce the district court has filed a pretrial scheduling order pursuant to Rule 16 which establishes a timetable for amending pleadings, a motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a).").

District courts must enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). In addition, scheduling orders may "modify the timing of disclosures" and "modify the extent of discovery." *Id.* Once entered by the court, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). As such, a scheduling order is "the heart of case management." *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986).  Scheduling orders are "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610 (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Maine 1985)).

Pursuant to Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also* G*reen Aire for Air Conditioning W.L.L. v. Salem,* 2020 WL 58279, at *3 (E.D. Cal. Jan. 6, 2020.) ("Requests to modify a scheduling order are governed by Rule 16(b)(4), which provides that a court may modify a scheduling order 'only for good cause.'"). As the Ninth Circuit has explained,

> In these days of heavy caseloads, trial courts in both the federal and state system routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with the scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence.

*Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005).

Good cause requires a showing of due diligence. *Johnson*, 975 F.2d at 609; *Sprague v.*

3

1   *Fin. Credit Network, Inc.*, 2018 WL 4616688, at *4 (E.D. Cal. Sept. 25, 2018) ("[Good cause]

2   requires the party to show that despite due diligence the scheduled deadline could not be

3   met.")). For example, good cause may be found where the moving party shows that it was

4   diligent in assisting the Court in creating a workable scheduling order, that it is unable to

5   comply with the scheduling order's deadlines due to matters not reasonably foreseeable at the

6   time the scheduling order issued, and that it was diligent in seeking a modification once it

7   became apparent it could not comply with the scheduling order. *Jackson v. Laureate, Inc.,* 186

8   F.R.D. 605, 608 (E.D. Cal. 1999). The party seeking to modify a scheduling order bears the

9   burden of demonstrating good cause. *Handel v. Rhoe,* 2015 WL 6127271, at *2 (S.D. Cal. Oct.

10  16, 2015) (citing *Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson,*

11  974 F.2d at 608-609.)  Accordingly, the Court will examine Plaintiffs' diligence to determine

12  whether they have met their burden of demonstrating good cause for amendment of the

13  Scheduling Order. *Weeks v. Union Pac. R.R. Co.*, 2017 WL 714368, at *5 (E.D. Cal. Feb. 22,

14  2017), *on reconsideration in part,* 2017 WL 1740123 (E.D. Cal. May 4, 2017).

15          **III.   DISCUSSION**

16          Plaintiff primarily argues that Defendant will not be prejudiced by the amendment,

17  arguing the factors governing amendment under Rule 15. (*See* Doc. Nos. 17-1.) Defendant, in

18  turn, argues that it will be prejudiced by amendment and further notes that Defendant served its

19  initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on March 11, 2019,

20  identifying each of the individuals Plaintiffs seek to add to the complaint. (Doc. No. 32-1 at 1-

21  2.) In their reply, Plaintiffs argue that they meet Rule 16's requirements because the requested

22  modification to the Scheduling Order is limited to the amendment deadline, depositions of three

23  of the proposed Doe defendants were taken within the discovery deadlines, and the proposed

24  defendants do not have a qualified immunity defense available to them. (Doc. No. 33 at 2.)

25          However, Plaintiffs' arguments do not address their diligence in seeking amendment.

26  According to the declaration of Plaintiffs' counsel filed in support of the motion, Plaintiffs

27  were unaware of the true identities of Defendant's law enforcement employees at the time they

28  filed the complaint because Defendant "refused to provide the subject police report to

plaintiffs." (Doc. No. 17-2 at 2.) Defendant produced documents responsive to Plaintiffs' first set of requests for production on April 10, 2019, which Plaintiffs' counsel states "included some of the police reports associated with this matter." (Doc. No. 17-2 at 2.) Plaintiffs' counsel then took the depositions of Deputy Jeffrey Morse and Deputy Isaac Cervantes on July 11, 2019, and the deposition of Deputy Courtney Bush on September 24, 2019, and October 28, 2019. (*Id.*) Additionally, Plaintiffs' counsel received "an additional police report regarding the subject incident" on October 14, 2019. (*Id.*)

The information set forth in the motion is insufficient to establish that Plaintiffs have been diligent in seeking amendment.  The good cause standard has not been met. Plaintiffs appear to have been aware of the involvement of some or all of the individuals they seek to name in the complaint as early as March 11, 2019, when Defendant produced its initial disclosures, or by April 10, 2019, when Defendant produced "some" police reports concerning the underlying events giving rise to Plaintiffs' complaint. Plaintiffs fail to explain why they did not move to modify the scheduling order as early as March 2019, following the initial disclosures, or in July 2019, following the deposition of one of the proposed new defendants, or otherwise explain why an earlier motion was not brought. However, even if the Court accepts that Plaintiffs did not learn of these individuals' involvement until October 14, 2019, when Plaintiffs received "an additional police report," or October 28, 2019, when Deputy Courtney Bush's deposition was completed, Plaintiffs delayed more than two months in bringing the motion and Plaintiffs do not provide any explanation for this delay. *See Sako v. Wells Fargo Bank, Nat. Assoc.*, 2015 WL 5022326, at *2 (S.D. Cal. 2015) ("Courts have held that waiting two months after discovering new facts to bring a motion to amend does not constitute diligence under Rule 16."); *Experexchange, Inc. v. Doculex, Inc.*, 2009 WL 3837275, at *29 (N.D. Cal. Nov. 16, 2009) (delay of two months after discovering new facts did not meet the good cause standard under Rule 16). Accordingly, Plaintiffs have failed to meet their burden of demonstrating that the good cause requirement of Rule 16 has been satisfied. Because the Rule 16 standard is not satisfied, the Court does not reach the Rule 15 analysis.

1

## IV.    __CONCLUSION__

2        For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiffs' Motion for Leave

3  to Amend Complaint to Add Doe Defendants (Doc. No. 17) is DENIED.

4

5  IT IS SO ORDERED.

6    Dated:   __May 19, 2020__                    /s/ Barbara A. McAuliffe

7                                          UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28