UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA ORDAZ GONZALEZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF FRESNO, et al.,<br><br>Defendants. | Case No. 1:18-cv-01558-BAM<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO CERTIFY THE COURT'S ORDER DENYING PLAINTIFFS' MOTION TO AMEND COMPLAINT**<br><br>(Doc. No. 53) |

Currently before the Court is Plaintiffs Veronica Ordaz Gonzalez, Jose Ramos Santiago, Omar Perez, and Roberto Perez' ("Plaintiffs") Motion to Certify the Court's Order Denying Plaintiffs' Motion to Amend Complaint. (Doc. No. 53.)[1] On June 12, 2020, Defendant County of Fresno ("Defendant") filed an opposition to the motion. (Doc. No. 55.) Plaintiffs replied on June 19, 2020. (Doc. No. 58.)

The Court finds the matter suitable for decision without the need for oral argument pursuant to Local Rule 230(g) and VACATES the hearing set for June 26, 2020. Having considered the motion, the opposition, and the reply, as well as the entire record in this case, Plaintiffs' motion is DENIED.

I. **BACKGROUND**

This case was removed from the Superior Court of California for the County of Fresno on November 10, 2018. (Doc. No. 1.) Plaintiffs' complaint arises out of a search of Plaintiff Veronica Ordaz Gonzalez' home by sheriff deputies, during which Plaintiffs' dog was shot. (*See id.*) In

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge. (Doc. Nos. 5, 41, 43.) For that reason, the action was reassigned to the Honorable Barbara A. McAuliffe for all purposes. *See* 28 U.S.C.§ 636(c); Fed. R. Civ. P. 73; *see also* L. R. 301, 305. (Doc. No. 45.)

addition to setting forth claims against Defendant, the complaint names "Officer Doe 1" and "Does 2-25, inclusive" as defendants. (*Id.*)

On February 12, 2019, the Court issued a Scheduling Order which, in relevant part, set a deadline of April 12, 2019, for any stipulated amendments or motions to amend the pleadings. (Doc. No. 9.) On January 3, 2020, Plaintiffs filed a motion seeking leave to file an amended complaint. (Doc. No. 17.) According to the motion, Plaintiffs sought to amend the complaint in order to name Deputy Courtney Bush as Officer Doe 1 and to name Deputy Jeffrey Morse, Deputy Santos, Sergeant Dunn, and Deputy Isaac Cervantes as Does 2 through 5, respectively. (*Id.*) The Court issued an order dated May 19, 2020, denying Plaintiffs' motion to amend. (Doc. No. 53.) On May 28, 2020, Plaintiffs filed the instant motion seeking to certify the Court's May 19, 2020 order denying leave to amend for an interlocutory appeal. (Doc. No. 53.)

## II. <u>LEGAL STANDARD</u>

Generally, the United States Courts of Appeals have jurisdiction over appeals from "final decisions of the district courts." *See* 28 U.S.C. § 1291. Congress created an exception to that final-judgment rule, however, in 28 U.S.C. § 1292(b). Section 1292(b) states:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

Accordingly, a non-final order may be certified for interlocutory appeal where it involves: 1) a controlling question of law; 2) as to which there is substantial ground for difference of opinion; and 3) where an immediate appeal may materially advance the ultimate termination of the litigation. *Reese v. BP Exploration (Alaska) Inc.,* 643 F.3d 681, 687–88 (9th Cir. 2011). The party seeking certification has the burden of showing all three requirements have been met. *Fukuda v.*

*Cnty. of Los Angeles,* 630 F.Supp. 228, 229 (C.D. Cal. 1986); *see also Kight v. Eskanos & Adler, P.C.,* 2007 WL 173825, at *2 (S.D. Cal. Jan. 8, 2007) ("All three requirements must be met for certification to issue."). Moreover, "[t]he decision to certify an order for interlocutory appeal is committed to the sound discretion of the district court." *United States v. Tenet Healthcare Corp.,* 2004 WL 3030121, at *1 (C.D. Cal. Dec. 27, 2004) (citing *Swint v. Chambers County Comm'n,* 514 U.S. 35, 47 (1995)).

As the Ninth Circuit has explained, section 1292(b) "is to be applied sparingly and only in exceptional cases[.]" *United States v. Woodbury,* 263 F.2d 784, 788 n. 11 (9th Cir. 1959) (citations omitted). This is consistent with the legislative history of section 1292(b), which supports caution in its application. *See id.* ("[I]n passing this legislation Congress did not intend that the courts abandon the final judgment doctrine and embrace the principle of piecemeal appeals.") (internal quotation marks and citation omitted). Because "[s]ection 1292(b) is a departure from the normal rule that only final judgments are appealable," it "must be construed narrowly." *James v. Price Stern Sloan, Inc.,* 283 F.3d 1064, 1068 n. 6 (9th Cir. 2002). Certification under section 1292(b) "is intended to be 'used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation.'" *Kight,* 2007 WL 173825, at *1 (quoting *In re Cement Antitrust Litig. (MDL No. 296),* 673 F.2d 1020, 1026 (9th Cir. 1982). "'It is not thought that district judges would grant the certificate in ordinary litigation which could otherwise be promptly disposed of or that mere question[s] as to the correctness of the ruling would prompt the granting of the certificate.'" *Loritz v. CMT Blues,* 271 F.Supp.2d 1252, 1254 (S.D. Cal. 2003) (quoting *Woodbury,* 263 F.2d at 785 n. 2). Stated differently, section 1292(b) was not intended "'merely to provide review of difficult rulings in hard cases. " *Environmental Protection Information Center v. Pacific Lumber Co.,* 2004 WL 838160, at *2 (N.D. Cal. Apr. 19, 2004) (quoting *United States Rubber Co. v. Wright,* 359 F.2d 784, 785 (9th Cir. 1966)). Consequently, only "[i]n rare circumstances" may a district court "allow an immediate appeal of an interlocutory order." *Board of Trustees of Leland Stanford Junior University v. Roche Molecular Systems, Inc.,* 2007 WL 1119193, at *2 (N.D. Cal. Apr. 16, 2007) (citing *James,* 283 F.3d at 1068, n. 6).

With these standards firmly in mind, the Court considers whether Plaintiffs have met each

of the three elements necessary for section 1292(b) certification.

## III. DISCUSSION

Plaintiffs contend that all three elements to certify the Court's order denying leave to amend for an interlocutory appeal have been met. (Doc. No. 53-1.) Defendant focuses solely on the second element for certification, arguing that Plaintiffs have failed to establish that there is a substantial ground for difference of opinion. (Doc. No. 54.) For the following reasons, the Court finds Plaintiffs have failed to sustain their burden of establishing that certification is appropriate.

### A. Controlling Question of Law

First, Plaintiffs must show that the Court's order denying leave to amend involves a controlling question of law. *See* 28 U.S.C. § 1292(b). A question is controlling if "resolution of the issue on appeal could materially affect the outcome of the litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d at 1026.

Plaintiffs' motion does not clearly identify the question they seek to certify for interlocutory appeal. (*See* Doc. No. 53.) However, on reply, Plaintiffs explain that their "request to certify is based on the confused and, in Plaintiffs' belief, incorrect interpretation by district courts of Ninth Circuit cases to mean that district courts have no authority or discretion to consider Rule 15 factors when ruling on a motion to amend brought after the deadline for amendments to the pleadings have passed in the local court's scheduling order." (Doc. No. 58 at 3.)

However, this is not a controlling question of law that would materially affect the outcome of the case. Nothing in the Court's order denying leave to amend suggested that it lacked discretion to consider Rule 15. The Court did not, as Plaintiffs contend, find that it "***cannot*** consider Rule 15's 'interest of justice' and prejudice elements" in ruling on Plaintiffs' motion. (*See* Doc. No. 53-1 at 2.) (emphasis in original.) Instead, the Court simply exercised its discretion and declined to address Rule 15 in light of the Court's finding that Plaintiffs had not satisfied Rule 16 in that they had not been diligent in seeking amendment. (*See* Doc. No. 52 at 2, 5.)

While Plaintiffs argue that the Court's order denying leave to amend involves a controlling question of law because "[t]he inclusion of new defendants necessarily materially affects the outcome" in this case where "the current defendants' potential liability is not vicarious as to all

causes of action[,]" Plaintiffs also make clear in their reply that they do not challenge whether or not the Court's Rule 16 determination was correct. (Doc. Nos. 53-1 at 4, 58 at 2.) An appeal therefore would not reach the question of whether leave to amend should be granted and these new defendants should be brought into the case. Instead, any appeal would be limited to the Court's discretion to consider Rule 15 despite Plaintiffs' failure to satisfy Rule 16. Additionally, a ruling on appeal that the Court had discretion to consider Rule 15 would have no impact on the outcome of the case because such a ruling would be entirely consistent with the Court's order, which simply declined to exercise discretion to consider Rule 15. Accordingly, Plaintiffs have failed to satisfy the first element for certification of an interlocutory appeal.

### B.     Substantial Ground for Difference of Opinion

The second requirement under section 1292(b) is that there is a "substantial ground for difference of opinion" on the issue the moving party seeks to certify for interlocutory appeal. "A party's strong disagreement with the Court's ruling" is not enough. *Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). "That settled law might be applied differently does not establish a substantial ground for difference of opinion." *Id.* Rather, "courts must examine to what extent the controlling law is unclear." *Id.* A substantial ground for difference of opinion exists where "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Id.* (quotations and citation omitted).

Plaintiffs' argument regarding the second element of certification is premised on the incorrect assumption that the Court "belie[ved] that it did not *have any discretion* to consider the interests of justice in its ruling[.]" (Doc. No. 53-1 at 2.) While Plaintiffs repeatedly assert in their motion that the Court found it did not have discretion to consider Rule 15, Plaintiffs do not explain the basis for this assumption and there is nothing in the Court's order supporting such an interpretation. As discussed above, the Court instead declined to exercise its discretion to address Rule 15 because Plaintiffs had failed to establish good cause for waiting nearly nine months after the expiration of the amendment deadline to bring their motion. (*See* Doc. No. 52 at 2, 5.) The Court was well within its discretion to do so.

Plaintiffs refer to a "Ninth Circuit conflict" regarding the interplay of Rules 15 and 16 and a "pervasive" idea in the Eastern District that courts have no discretion to consider Rule 15 when ruling on an untimely motion to amend. (Doc. Nos. 53-1 at 5, 58 at 3.). However, Plaintiffs only cite to a single district court case, *Pacific Coast Fed'n of Fishermen's Ass'ns v. Murillo,* 2017 WL 11166145 (E.D. Cal. Mar. 28, 2017) in support of this alleged Ninth Circuit conflict and "pervasive" misconstruction of applicable law within the Eastern District. (*See* Doc. No. 53-1 at 5.) As an initial matter, nothing in *Murillo* found, as Plaintiffs contend, that district courts cannot consider Rule 15 in the context of a motion to amend filed after the applicable amendment deadline. To the contrary, the court in *Murillo* recognized that it was not required to consider Rule 15 where Rule 16 had not been met and accordingly exercised its discretion not to do so. *See Murillo,* 2017 WL 11166145, at *5 ("Because plaintiffs have failed to show good cause to amend the complaint, the court **need not** proceed to consider the Rule 15 factors.") (emphasis added). Plaintiffs have additionally failed to cite any authority for the proposition that a single district court case is "pervasive" and amounts to a "Ninth Circuit conflict."

Despite Plaintiffs' contentions, there is no "conflict within the Ninth Circuit" regarding the Court's discretion to decline to consider Rule 15 where a motion is filed after the amendment deadline has lapsed and the plaintiff has failed to establish good cause. (*See* Doc. No. 53-1 at 5, 6.) Ninth Circuit law is well settled on this point. For example, the Ninth Circuit in *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607 (9th Cir. 1992) did not engage in a Rule 15 analysis where a motion to amend was untimely and Rule 16 had not been satisfied. As the Court explained, "Rule 15 does not provide the standards by which we consider [plaintiff's] motion to amend . . .. Once the district court had filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings that rule's standards controlled." Plaintiffs argue that *Johnson* "acknowledged that a 'manifest injustice' justifies amendment even after the pretrial conference[.]" (Doc. No. 53-1 at 5.) However, citing to Rule 16(e), *Johnson* expressly stated the "manifest injustice" standard applied to modifications of a final pretrial order. *Johnson,* 975 F.2d at 608; *see also* Fed. R. Civ. P. 16(e). Nothing in *Johnson* obviates the good cause standard where a plaintiff files a motion to amend after the deadline for

amendment has lapsed. Instead, *Johnson* recognizes that in those situations a court may decline to consider Rule 15 where Rule 16 has not been met.

Likewise, *United States v. Dang,* 488 F.3d 1135 (9th Cir. 2007) cited *Johnson* for the proposition that the plaintiff was required to demonstrate good cause for modifying the scheduling order where it sought to amend the complaint well after the scheduling order was issued. *Dang,* 488 F.3d at 1142. The *Dang* court further acknowledged the district court's "broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order" and noted that the district court could have denied the plaintiff's untimely motion to amend for lack of good cause. *Id*. at 1142-1143. The Court's order denying Plaintiffs leave to amend in this case was not inconsistent with *Dang* as Plaintiffs contend because, as the Ninth Circuit acknowledged in *Dang*, it was within the Court's discretion to deny a motion for leave to amend filed after the applicable amendment deadline where Plaintiffs failed to establish good cause. Nothing in *Dang* requires the Court to consider the application of Rule 15 "in conjunction with Rule 16" as Plaintiffs contend. (*See* Doc. No. 53-1 at 2.)[2]

On reply, Plaintiffs cite to *Coleman v. Quaker Oats,* 232 F.3d 1271, 1295 (9th Cir. 2000), in which the Ninth Circuit noted that the defendant would be prejudiced by a motion to amend filed after the applicable amendment deadline. (Doc. No. 58 at 3.) The court in *Coleman* found that prejudice to the defendant "supplie[d] an additional reason for denying the motion" but specifically noted that prejudice was "not required under Rule 16(b)[.]" *Coleman,* 232 F.3d at 1295. Further, the *Coleman* court recognized that because the plaintiffs failed to show diligence, "the inquiry should end." *Id.* (citing *Johnson,* 975 F.2d at 609.) *Coleman,* like *Johnson* and *Dang,* supports the proposition that a court may properly decline to consider Rule 15 where a motion to amend is untimely and Rule 16 has not been met. The Court in this case exercised its discretion consistent with these authorities. Although, as in *Coleman*, there may have been additional reasons under Rule 15 to deny Plaintiffs leave to amend, the Court was not required to discuss them and

---

[2] Plaintiffs further argue that nothing in *Johnson* overruled, or even considered, *Dang* in its opinion. (Doc. No. 53-1 at 2, 5.) However, *Johnson* was decided approximately fifteen years before *Dang*. On reply, Plaintiffs acknowledge that the citation to *Johnson* as having been decided in 2015 was a clerical error. (Doc. No. 58 at 2.)

was instead permitted to end the inquiry at Plaintiffs' failure to show diligence.

Plaintiffs further attempt to reargue the motion for leave to amend in their discussion of the second element for certification. (Doc. No. 53-1 at 5-6.)[3] Plaintiffs contend that "it would have been improper to name every name on the Initial Disclosures" and the Central District has permitted amendment where a plaintiff waited fifty days to file a motion to amend and there were intervening holidays. (*Id.*) At best, this is merely an argument that the Court misapplied the existing law to the facts, which is clearly insufficient to show a "substantial ground for difference of opinion." *Stiner v. Brookdale Senior Living, Inc.,* 383 F.Supp.3d 949, 958 (N.D. Cal. 2019) (citing *Couch,* 611 F.3d at 633). Moreover, a motion for certification under section 1292(b) is not an opportunity for Plaintiffs to debate the merits of the underlying motion for leave to amend or to present arguments that could have been, but were not, previously raised.[4] While Plaintiffs may disagree with the Court's ruling, their opinions of the Court's findings are insufficient to certify an issue for interlocutory appeal. *Hansen v. Schubert*, 459 F. Supp. 2d 973, 1000 (E.D. Cal. 2006); *see also First Am. Corp. v. Al–Nahyan,* 948 F.Supp. 1107, 1116 (D. D.C. 1996) ("Mere disagreement, even if vehement, with a court's ruling on a motion to dismiss does not establish a 'substantial ground for difference of opinion' sufficient to satisfy the statutory requirements for an interlocutory appeal.").

While other circuits may apply the law differently, the Ninth Circuit authority on this point is certain. Furthermore, there is no complicated question arising under foreign law or novel and difficult questions of first impression presented by Plaintiffs' motion for leave to amend.

---

[3] Plaintiffs also cite to "the current state of the Eastern District wherein a lack of trial dates renders any prejudice due to 'late' scheduling order amendments in theory, only[.]" (Doc. No. 53-1.) While this argument has no bearing on the elements for certification for interlocutory appeal, Plaintiffs are nonetheless directed to the Standing Order issued by District Judge Dale A. Drozd, which addresses consent to magistrate judge jurisdiction and states, in relevant part, "trial dates in civil cases can be set before the assigned magistrate judge with a strong likelihood that the trial will commence on the date scheduled." (Doc. No. 31 at 4.) While the Court previously set a Status Conference and directed the parties to select proposed dates for pretrial conference and trial, the parties declined to do so, and further scheduling was instead deferred in light of this motion and Defendant's pending motion for summary judgment. (Doc. Nos. 46, 51, 54.) If necessary and appropriate following resolution of these motions, the Court will reset the matter and schedule a pretrial conference and trial date.

[4] Notably, the Central District's opinions are not binding on this Court. *See Hart v. Massanari*, 266 F.3d 1155, 1174 (9th Cir. 2001) ("[T]he binding authority principle applies only to appellate decisions, and not to trial court decisions.").

Accordingly, Plaintiffs have failed to demonstrate a substantial ground for difference of opinion as required for certification for an interlocutory appeal.

### C.  **Materially Advance the Ultimate Termination of the Litigation**

The third element of certification for an interlocutory appeal requires Plaintiffs to show that an immediate appeal will materially advance the ultimate termination of the litigation. Courts have found that this element is satisfied in situations where an interlocutory appeal would resolve a legal issue implicated in a large number of other cases. *Medlock v. Taco Bell Corp.*, 2014 WL 6389382, at *2 (E.D. Cal. Nov. 14, 2014). Courts have also found that the factor is met when the trial court denies a motion that would result in dismissal of a claim, and an appeal may save time because reversal on appeal would result in the claim being dismissed, saving the parties' time and expense conducting discovery and trial on that claim. *Id.*

Here, Plaintiffs seek an interlocutory appeal of an order which denied Plaintiffs leave to amend to name Doe defendants. An appeal would not materially advance the ultimate termination of this litigation and reversal on appeal would, if anything, protract litigation. There would be little time savings, as the same result would occur if the parties waited for final judgment in this action and appealed the issue at that point. *Medlock,* 2014 WL 6389382, at *2. Plaintiffs argue that an interlocutory appeal will materially advance the termination of the litigation "because if Plaintiffs' claims against the county are ruled on without the individual officers, Plaintiffs will be forced to appeal that decision, post-trial." (Doc. No. 53-1 at 7.) If this were sufficient to justify interlocutory appeal, it would be appropriate in every case, because it will always be the case that an interlocutory appeal results in a decision sooner than an appeal after final judgment.

The time savings associated with a consolidated single trial is not sufficient to meet the "materially advanced" standard, particularly when weighed against the possibility that interlocutory appeal merely wastes more time if this Court's decision is affirmed. *Medlock,* 2014 WL 6389382, at *2. Instead, certification may actually delay the progress and ultimate termination of this case, particularly as Plaintiffs request a stay pending resolution of their appeal. (Doc. No. 53-1 at 8.) *Stiner v. Brookdale Senior Living, Inc.*, 383 F. Supp. 3d 949, 958 (N.D. Cal. 2019) (citing *Shurance v. Planning Control Int'l, Inc.*, 839 F.2d 1347, 1348 (9th Cir. 1988)); *Rieve v.*

*Coventry Health Care, Inc.,* 870 F.Supp.2d 856, 880 (C.D.Cal.2012) (internal quotation marks and citations omitted) ("[W]here the Court concludes certification would actually delay the resolution of the litigation, certification is not appropriate."); *Villarreal v. Caremark LLC*, 85 F.Supp.3d 1063, 1072–73 (D. Ariz. 2015) (finding that the defendant's request for a stay pending appeal exacerbated the delay inherent in an interlocutory appeal). Thus, Plaintiffs have not identified a substantial savings in time or cost and have only demonstrated that the same time and cost would be spent earlier rather than later. *Medlock,* 2014 WL 6389382, at *2; *Hightower v. Scwarzenegger,* 2009 WL 3756342, at *4 (E.D. Cal. Nov. 6, 2009) (reasoning that a party "must show that an immediate appeal may 'materially advance,' rather than impede or delay, ultimate termination of the litigation").

"The default policy is to postpone appellate review until after final judgment" and Plaintiffs have not demonstrated any justification for a departure from the default policy. *Medlock,* 2014 WL 6389382, at *3. This is not the exceptional case which Congress contemplated in enacting section 1292(b). Instead, granting certification would contravene the principles that section 1292(b) must be "construed narrowly" and "applied sparingly." *James,* 283 F.3d at 1068 n. 6; *Woodbury,* 263 F.2d at 788 n. 11. Because Plaintiffs' motion does not present a controlling issue of law as to which there is substantial ground for difference of opinion and an interlocutory appeal would not materially advance the termination of this litigation, the motion will be denied.

## IV.  CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiffs' Motion to Certify the Court's Order Denying Plaintiffs' Motion to Amend Complaint (Doc. No. 53) is DENIED.

IT IS SO ORDERED.

Dated:   **June 22, 2020**              /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE