UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA ORDAZ GONZALEZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF FRESNO, et al., <br><br> Defendants. | Case No. 1:18-cv-01558-BAM <br><br> **ORDER REGARDING DEFENDANT'S BILL OF COSTS** <br><br> (Doc. Nos. 63, 64.) |

On July 21, 2020, the Court issued an order granting in part Defendant County of Fresno's ("Defendant") motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 and remanding the case to state court.[1] (Doc. No. 61.) Judgment was entered and Defendant submitted a bill of costs on July 21, 2020. (Doc. Nos. 62, 63.) Plaintiffs Veronica Ordaz Gonzalez, Jose Ramos Santiago, Omar Perez, and Roberto Perez ("Plaintiffs") filed objections on July 28, 2020. (Doc. No. 64.) Defendant did not file a reply.

**I.  Objections to Bill of Costs**

Defendant seeks an award of costs incurred for fees for printed or electronically recorded transcripts necessarily obtained for use in the case, fees for witnesses, and compensation of interpreters and costs of special interpretation services under 28 U.S.C. § 1828. (Doc. No. 63.)

Plaintiffs argue that Defendant is not the prevailing party because it did not prevail on a substantial part of the litigation. (Doc. No. 64.) According to Plaintiffs, Defendant only prevailed

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. (Doc. Nos. 5, 41, 43, 45.)

1

on three of the eleven claims, the remainder of which were remanded to state court, and "awarding costs to Defendant at this point could result in a windfall to Defendant depending on the ultimate outcome of the litigation in state court." (*Id.* at 1.) Additionally, Plaintiffs request that the Court exercise its discretion to deny costs because Defendant's request includes issues remanded to state court for which there has not been a final determination. (*Id.* at 2.) Finally, Plaintiffs contend that Defendant is not entitled to tax costs for copies of transcripts for depositions which Plaintiffs noticed. (*Id.*)

## II.     Legal Standard

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." "By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-Am. Educators v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000). If the district court declines to award costs to the prevailing party, the court must "specify reasons" for denying costs. *Id.* at 591–92. However, the district court need not "specify reasons for its *decision* to abide [by] the presumption and tax costs to the losing party." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003) (emphasis in original).

Unless otherwise authorized by explicit statutory or contractual authorization, the district court may only award costs enumerated in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). The types of costs allowed under 28 U.S.C. § 1920 are:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. However, the district court is free to interpret the meaning of the terms

in 28 U.S.C. § 1920. *Aflex Corp. v. Underwriters Labs., Inc.*, 914 F.2d 175, 177 (9th Cir. 1990).

### III.  Discussion

#### A.  Prevailing Party Status

Plaintiffs contend that Defendant is not entitled to an award of costs because Defendant prevailed on only three of eleven claims. Plaintiff's contention is not persuasive. In this case, the Court granted summary judgment in favor of Defendant on all federal claims over which the Court had original jurisdiction and declined to retain supplemental jurisdiction over remaining state law claims. (*See* Doc. No. 61.) The Ninth Circuit has found defendants to be the prevailing parties in a federal action where defendants obtain summary judgment on all federal claims and the court declines to exercise supplemental jurisdiction over the remaining state law claims. *See San Diego Police Officers' Ass'n v. San Diego City Employees' Ret. Sys.*, 568 F.3d 725, 742 (9th Cir. 2009); *see also Ogbechie v. Covarrubias,* No. 5:18-CV-00121-EJD, 2021 WL 2865183, at *3 (N.D. Cal. July 8, 2021) (finding defendants to be prevailing parties where they obtained summary judgment in their favor on federal civil rights claim and court declined to exercise supplemental jurisdiction over the remaining state law claim); *A.B. v. Cty. of San Diego,* No. 18cv1541-MMA (LL), 2021 WL 107231, at *3 (S.D. Cal. Jan. 21, 2021) (finding defendants to be prevailing parties where they successfully obtained judgment in their favor on plaintiff's federal civil rights claim and the court declined to retain supplemental jurisdiction over remaining state law claims)*; Blight v. City of Manteca,* No. 2:15-02513 WBS AC, 2017 WL 5665846, at *2 (E.D. Cal. Nov. 27, 2017) ("While the federal and state law claims rely on the same set of facts, the court's decision to decline to exercise supplemental jurisdiction over the state law claims does not change the fact that defendants are the prevailing party in this action and are therefore entitled to their costs."). Because Defendant successfully obtained summary judgment on all federal claims, the Court finds Defendant to be the prevailing party entitled to an award of costs.

Plaintiffs' additional contention that the Court should await the outcome of the state court action before awarding costs is equally unpersuasive. There is nothing remaining in this action for the Court to resolve before awarding costs. *See Ogbechie*, 2021 WL 2865183, at * 3

(rejecting argument that federal court should wait to see the outcome of state court action before awarding costs because nothing remained for the court to resolve before awarding costs).

For the reasons stated, the Court concludes that Plaintiffs' arguments for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award. *Save Our Valley*, 335 F.3d at 945. The Court now turns to the requested costs.

**B. Reasonableness of Specific Costs**

Defendant requests total costs in the amount of $ 5,522.05 for the following: (1) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (2) fees for witnesses; and (3) compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828.  (Doc. 63.)

1. Deposition Transcripts

Defendant seeks $3,682.05 for costs related to the deposition transcripts of Jeffrey Morse, Isaac Cervantes, Jose Ramos Santiago, Veronica Ordaz Gonzalez, Omar Perez, Roberto Perez, Courtney Bush, Nathan Munnley, Kham Vang and Zenaida Cruz. (Doc. No. 63-1 at 2.) Section 1920(2) provides that "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" may be taxed as costs. Similarly, Local Rule 292(f)(3) provides that items taxable as costs include "Court reporter fees." "Thus, if found to be necessary to the litigation of a case, the costs of transcripts of depositions taken in a case may be taxed as costs under Rule 54 and Section 1920." *Durham v. FCA US LLC*, No. 2:17-CV-00596-JLT, 2020 WL 243115, at *14 (E.D. Cal. Jan. 16, 2020).

"On the other hand, costs incurred related to deposition transcripts that are 'merely for the convenience of counsel' are not permitted under Section 1920." *Id.,* quoting *Oyarzo v. Tuolumne Fire Dist.*, No. 1:11-cv-01271-SAB, 2014 WL 1757217, at *7 (E.D. Cal. Apr. 30, 2014).  As a result, costs for expediting transcripts, condensing the transcripts, and litigation support packages are not permitted. *See Durham,* 2020 WL 243115, at *14 (disallowing costs for litigation support package, condensed transcript, exhibit linking and scanning eDisks, flash drive, and associated handling fees); *Daniel v. Ford Motor Co.*, No. 2:11-02890 WBS EFB, 2018 WL 1960653, at *4 (E.D. Cal. Apr. 26, 2018) ("the court will not allow costs for rough drafts, expedited fees, CD

4

1  litigation packages, ... 'e-transcripts,' 'digital transcripts,' or 'condensed transcripts,' which
2  appear to have been provided for the convenience of the attorneys").

3  Here, Plaintiffs do not object to the overall costs for deposition transcripts; however,
4  Plaintiffs do object to the costs of deposition transcripts for depositions that Plaintiffs noticed.
5  (Doc. No. 64 at 2.)  In particular, Plaintiffs object to $1,066.65 in deposition costs for the
6  depositions of Jeffrey Morse, Isaac Cervantes and Courtney Bush (Vol. 1 and Vol. 2.). (*Id.* at 3.)
7  Plaintiffs' objection is overruled in part.

8  Defendant referenced or relied on the deposition transcripts of Jeffrey Morse, Isaac
9  Cervantes and Courtney Bush to support its summary judgment motion.  (*See* Doc. No. 21-5.)
10 Defendant therefore may recover costs for the original and one certified copy of these deposition
11 transcripts, as well as exhibit and delivery fees, which all appear necessary to obtain the
12 transcripts.  However, the Court will not allow for the costs of litigation packages associated with
13 these deposition transcripts.  These costs appear to be for the convenience of counsel, and
14 recovery is not permitted under Section 1920.  The Court therefore will deduct $117.00 from the
15 requested cost award.  (*See* Doc. 63-1 at 5, 10, 11.)

16 As to the remaining depositions, the Court finds that Defendant may recover certain costs
17 for the deposition transcripts of Plaintiffs Veronica Ordaz Gonzalez, Jose Ramos Santiago, Omar
18 Perez, and Roberto Perez.  Plaintiffs' depositions were necessarily obtained for use in the case.
19 Moreover, Plaintiffs relied on these depositions in their opposition to Defendant's motion for
20 summary judgment, (Doc. No. 56-1), and Defendant was required to address those depositions in
21 its reply in support of the motion for summary judgment, (Doc. No. 57-3).  Defendant therefore
22 may recover costs for the original and one certified copy of those deposition transcripts, as well as
23 exhibit fees, read and sign fees, delivery fees, handling and processing fees, and fees for the court
24 reporter's attendance, which all appear necessary to obtain the transcripts.  However, the Court
25 will not allow for the costs of litigation support packages, delivery charges for litigation support
26 packages, or condensed transcripts.  These additional costs all appear to have been provided for
27 the convenience of counsel and are not recoverable.  As a result, the Court will deduct $410.00
28 from the requested cost award.  (*See* Doc. 63-1 at 6-9.)

The Court also finds that Defendant may recover costs associated with the deposition transcript of Nathan Munnley, as the deposition transcript was necessarily obtained for use in the case. (*See* Doc. No. 56-1.)

Finally, the Court notes that Defendant has failed to demonstrate that the deposition transcripts of Kham Vang or Zenaida Cruz were necessarily obtained for use in the case. (Doc. No. 63-1 at 2.) Defense counsel's general assertion that the costs were "necessarily incurred for the defense of the . . . case" is not sufficient to meet Defendant's burden. (Doc. No. 63-1 at 3.) Therefore, the Court will deduct $310.90 from the requested cost award. (Doc. No. 63-1 at 12, 13.)

Based on the foregoing, the Court concludes that Defendant may recover costs in the total amount of $2,844.15 for fees related to the deposition transcripts necessarily obtained for use in the case.

2. Witness Fees

Defendant seeks fees for the appearance of witnesses Zanaida Cruz, Nathan Munnley, and Kham Vang at their depositions in the amount of $40.00 each. (Doc. 63 at 2.) Section 1920(3) provides that a prevailing party may recover witness fees. Similarly, Local Rule 230(f)(8) identifies taxable costs to include per diem, mileage and subsistence for witnesses consistent with 28 U.S.C. § 1821. Section 1821(a)(1) authorizes payment for a witness' attendance at court or at a deposition. Section 1821(b) limits the attendance fee to $40 per day for each day's attendance. Defendant is entitled to recover the statutory witness attendance fees.

3. Interpreters

Defendant seeks $1,760.00 in interpreter costs related to the depositions of Plaintiffs Omar Perez, Roberto Perez, and Jose Ramos Santiago. (Doc. No. 63-1 at 2, 14-15.) Section 1920(6) provides for compensation of interpreters where reasonably necessary to conduct depositions. *See Juarez v. Villafan*, No. 1:16-cv-00688-DAD-SAB, 2018 WL 4372784, at *1 (E.D. Cal. June 13, 2018). The Court finds that the interpreter costs incurred by Defendant in connection with the depositions of Plaintiffs Omar Perez, Roberto Perez and Jose Ramos Santiago were reasonably and necessarily incurred.

6

**IV.    Conclusion and Order**

For the reasons stated, IT IS HEREBY ORDERED as follows:

1. Plaintiffs' objections to Defendant's bill of costs are overruled in part;
2. Defendants' bill of costs is GRANTED in the amount of $4,724.15; and
3. Costs are taxed in the amount of $4,724.15 and included in the judgment.

IT IS SO ORDERED.

Dated:   **March 8, 2022**                    /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE